Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA SPURBECK, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PETCO HEALTH AND WELLNESS COMPANY INC., JOEL D. ANDERSON, R. MICHAEL MOHAN, RONALD V. COUGHLIN, JR., SABRINA SIMMONS, BRIAN LAROSE, and MICHAEL NUZZO, <br><br> Defendants. | Case No. 3:25-cv-01667-JLS-VET <br><br> **MEMORANDUM OF LAW OF RICHARD DUMONT IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS** <br><br> <u>CLASS ACTION</u> <br><br> JUDGE: Hon. Janis L. Sammartino <br> Hearing Date: October 9, 2025 <br> Time: 1:30 P.M. <br> CTRM: 4D |

## TABLE OF CONTENTS

**BACKGROUND** ....................................................................................................... 1

**ARGUMENT** .............................................................................................................. 2

   **I.**   **MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF** ................ 2

   **II.**  **MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED** ................................................................................................................ 5

   **III.** **THE COMPETING MOTIONS SHOULD BE DENIED** ....................... 6

     **A.**  **Mr. Leventhal and Ms. Lanchart are an Improper Lawyer-Made Group of Unrelated Investors** ................................................................. 6

**CONCLUSION** ........................................................................................................ 10

i

# TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

*Alonzo v. Dexcom Inc.,*
  2024 WL 5112751 (S.D. Cal. Dec. 13, 2024) ......................................................... 9

*Eichenholtz v. Verifone Holdings, Inc.,*
  *et al.*, 2008 WL 3925289 (N.D. Cal. Aug. 22, 2008) ........................................... 7

*Ferrari v. Gisch*,
  225 F.R.D. 599 (C.D. Cal. 2004) ........................................................................... 4

*Griggs v. Vital Therapies, Inc.*,
  2016 WL 4595964 (S.D. Cal. May 2, 2016) .......................................................... 4

*Hardy v. MabVax Therapeutics Holdings*,
  2018 WL 4252345 (S.D. Cal. Sep. 6, 2018) .......................................................... 7

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ........................................................................ passim

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ............................................................................. 1, 3

*In re Cloudera, Inc. Sec. Litig.*,
  2019 WL 6842021 (N.D. Cal. Dec. 16, 2019) ...................................................... 9

*In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*,
  209 F.R.D. 447 (C.D. Cal. 2002) ....................................................................... 6, 7

*In re Mersho*,
  6 F.4th 891 (9th Cir. 2021) .................................................................................... 7

*In re Stitch Fix, Inc. Sec. Litig.*,
  393 F. Supp. 3d 833 (N.D. Cal. 2019) ............................................................. 8, 10

ii

*Indiana Public Retirement System v. Rivian Automotive, Inc.*,
  2025 WL 29449 (C.D. Cal. Jan. 2, 2025) ........................................................ 8, 9

*Kniffin v. Micron Tech., Inc.*,
  379 F. Supp. 3d 259 (S.D.N.Y. 2019)................................................................ 8

*Koffsmon v. Green Dot Corporation*,
  2021 WL 3473975 (C.D. Cal. Aug. 6, 2021) ................................................... 10

*Ruland v. InfoSonics Copr.*,
  2006 WL 3746716 (S.D. Cal. Oct. 23, 2006)..................................................... 9

*Tsirekidze v. Syntax-Brillian Corp.*,
  2008 WL 942273 (D. Ariz. Apr. 7, 2008).......................................................... 10

*Wasa Medical Holdings v. Sorrento Therapeutics, Inc.*,
  2021 WL 533518 (S.D. Cal. Feb. 12, 2021) ....................................................... 6

*Water Island Event-Driven Fund v. MaxLinear, Inc.*,
  2023 WL 8812875 (S.D. Cal. Dec. 20, 2023)..................................................... 7

**Statutes**

15 U.S.C. §78u-4(a)(3)(B) ............................................................................. passim

iii

MEMORANDUM OF LAW OF RICHARD DUMONT IN OPPOSITION TO THE
COMPETING LEAD PLAINTIFF MOTIONS – Case No. 3:25-cv-01667-JLS-VET

Lead Plaintiff Movant Richard Dumont ("Movant") respectfully submits this opposition to the competing lead plaintiff motions filed by David Levin ("Mr. Levin"), and Marc Leventhal ("Mr. Leventhal") and Barbara Lanchart ("Ms. Lanchart") (collectively the "Group"). *See* Dkt. Nos. 12 and 14.

## BACKGROUND

Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") courts are to appoint as lead plaintiff the one with "the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); *See also In re Cendant Corp. Litig.*, 264 F.3d 201, 268-69 (3d Cir. 2001); *See also* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)-(cc).

Movant has triggered the PSLRA's "most adequate plaintiff" presumption. First, Movant has the largest financial interest in this litigation as he has the largest losses of all the movants.[1]  *See* Dkt. Nos. 11-1, 12-1, and 14-1.

| Movants | Loss | Docket Numbers |
|---|---|---|
| 1. Richard Dumont | $244,428.64 | Dkt. No. 11-1 |
| 2. Mr. Leventhal and Ms. Lanchart | $187,531 | Dkt. No. 14-1 |
| 3. Mr. Levin | $99,828.03 | Dkt. No. 12-1 |

---

[1]  On September 4, Sercan Mamakli filed a notice of non-opposition to competing lead plaintiff motions. Dkt. No. 15.

1

Second, as set forth in Movant's opening papers, he has made a *prima facie* showing of adequacy and typicality under Rule 23. *See* Dkt. No 11-1, at 6-7. Movant lives in Nashua, New Hampshire. *Id*. at 8. He currently works in a supervisory role at a large aerospace and defense technology company and has 35 years of investing experience. *Id*.

Finally, the presumption that Movant is the "most adequate plaintiff" — *i.e.* the presumptive lead plaintiff — "may be rebutted only upon proof." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Because the remaining competing movants can offer no proof to rebut the presumption in favor of Movant, the Court should grant Movant's motion in its entirety and deny the competing lead plaintiff motions.

## ARGUMENT

### I.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The Ninth Circuit has explained that the PSLRA provides a "clear path that the district court must follow in selecting the lead plaintiff." *Cavanaugh*, 306 F.3d, at 729. After determining that notice of the action is appropriate and timely, the district court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule

2

23(a), in particular those of 'typicality' and 'adequacy.'" *Id.*, at 730 (emphasis in original). Importantly, "a straightforward application of the statutory scheme … provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case." *Id*., at 732. "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." *Id*.

Utilizing this simple process confirms that Movant is the presumptive Lead Plaintiff and the Court should grant Movant's motion. Movant has triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Movant has the largest losses of any movants before the Court. *See* Dkt. Nos. 11-1, 12-1, and 14-1. Indeed, Movant has substantially higher losses than those of the remaining movants, and therefore has the largest financial interest. *See Id*.

Once the Court "determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements." *Cavanaugh*, 306 F.3d, at 730, 732 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff."); *Cendant*, 264 F.3d, at 263 ("The initial inquiry (i.e., the determination of whether the movant with the largest interest in the case 'otherwise satisfies' Rule

3

MEMORANDUM OF LAW OF RICHARD DUMONT IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS – Case No. 3:25-cv-01667-JLS-VET

23) should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy.").

Like all purported class members, Movant alleges that Defendants violated the Securities Exchange Act of 1934 ("Exchange Act") by publicly disseminating false and misleading statements about its business. Movant purchased the securities of Petco Health and Wellness Company, Inc. ("Petco" or the "Company") at artificially inflated prices and was damaged thereby. These claims are also premised on the same legal and remedial theories and are based on the same types of misstatements and omissions as the class' claims. Thus, Movant satisfies the typicality requirement. *See generally Griggs v. Vital Therapies, Inc.*, 2016 WL 4595964, at *2 (S.D. Cal. May 2, 2016). Movant has demonstrated his adequacy as class representative by submitting a sworn certification affirming his willingness to serve as, and carry out the responsibilities of, class representative. Dkt. No. 11-4. Based on his financial interest in the litigation and satisfaction of the Rule 23 requirements at this stage, Movant has triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Importantly, "once the statutory presumption has attached, it cannot be rebutted through relative comparison." *Ferrari v. Gisch*, 225 F.R.D. 599, 610 (C.D. Cal. 2004); *Cavanaugh*, 306 F.3d, at 732 (explaining that courts are not to "engage[] in a freewheeling comparison of the parties competing for lead plaintiff"). Indeed,

4

that "the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient. Rather, the statute provides that the presumption 'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23." *Cavanaugh*, 306 F.3d, at 729 n.2 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

## II.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d, at 734 ("While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of lead plaintiff.").

Here, Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching the class's and Movant's claims, including filing this action, reviewing publicly available financial and other documents and gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Dkt. No. 11-6.

5

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## III.    THE COMPETING MOTIONS SHOULD BE DENIED

The competing motions should be denied as Movant has the greatest financial interest in the litigation, satisfies the requirements of Rule 23, and should therefore be appointed Lead Plaintiff without further analysis. *Cavanaugh*, 306 F.3d, at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

### A.    Mr. Leventhal and Ms. Lanchart are an Improper Lawyer-Made Group of Unrelated Investors

"Although the PSLRA allows groups to serve as lead plaintiffs, 'courts have uniformly refused to appoint as lead plaintiff groups of unrelated individuals, brought together for the sole purpose of aggregating their claims in an effort to become the presumptive lead plaintiff.'" *Wasa Medical Holdings v. Sorrento Therapeutics, Inc.*, 2021 WL 533518, at *5 (S.D. Cal. Feb. 12, 2021); *see Hardy v. MabVax Therapeutics Holdings*, 2018 WL 4252345, at *4 (S.D. Cal. Sep. 6, 2018)

6

MEMORANDUM OF LAW OF RICHARD DUMONT IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS – Case No. 3:25-cv-01667-JLS-VET

("Some district courts have policed a particular form of lawyer gamesmanship in the private securities class action litigation context: lawyer-driven creation of a wholly artificial group to arbitrarily enhance a proposed lead plaintiff's financial losses and secure the group's appointment as lead plaintiff"); *see also Eichenholtz v. Verifone Holdings, Inc., et al.*, 2008 WL 3925289, at *8 (N.D. Cal. Aug. 22, 2008) (determining that a proposed lead plaintiff group should not be appointed lead plaintiff because "it is clear that the [] [g]roup was created by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel[.] (internal quotations and citation omitted)).

Many district courts in the Ninth Circuit have considered the lack of a pre-litigation relationship as part of their adequacy analysis because it may indicate that members of a group may not work together well to vigorously prosecute the litigation or they might not be able to control counsel. *In re Mersho*, 6 F.4th 891, 901 (9th Cir. 2021). Indeed, Courts in the Ninth Circuit have declined to aggregate losses of a group of individuals when there is no pre-existing relationship between the group members unless the members are able to actively and cohesively represent the class. *Water Island Event-Driven Fund v. MaxLinear, Inc.*, 2023 WL 8812875, at *4 (S.D. Cal. Dec. 20, 2023).

The Group is the exact form of lawyer gamesmanship with no pre-existing relationship between its members, Mr. Leventhal and Ms. Lanchart, who appear to

7

have been artificially combined to increase the alleged aggregated Group's losses. The two of them are thousands of miles away from each other—California and New Jersey—and no specific client driven reasons are provided for this grouping. Dkt. No. 14-2, at 28. *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 835-36 (N.D. Cal. 2019) ("Nothing in the two joint declarations submitted by the group demonstrates that it is the group members, and not the lawyers, who are driving their lead plaintiff application.").

Courts require members of a group, as part of the adequacy analysis, to make "an evidentiary showing that unrelated members of a group will be able to function cohesively and to effectively manage the litigation apart from their lawyers before its members will be designated as presumptive lead plaintiffs." *Kniffin v. Micron Tech., Inc.*, 379 F. Supp. 3d 259, 262 (S.D.N.Y. 2019); *Indiana Public Retirement System v. Rivian Automotive, Inc.*, 2025 WL 29449, at *1 (C.D. Cal. Jan. 2, 2025). Courts evaluate evidence of: (1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa. *Id.*

While the Group submitted a joint declaration in an effort to meet their burden, their boilerplate declarations are insufficient. Dkt. No. 14-2, at 28. Indeed, the Group's joint declaration is the type of general conclusory declarations that

8

Courts have rejected, and it falls short of proving the Group members are able to vigorously and cohesively represent the class. *Id*. The Group asserts that their members participated in one conference call with each other and an attorney from Pomerantz, and it is clear that their members did not know about each other prior to the lead plaintiff motion being filed. *Id*. at 29; *Indiana Public Retirement System v. Rivian Automotive, Inc.*, 2025 WL 29449, at *2 (S.D. Cal. Jan. 2, 2025) (determining Rule 23's adequacy requirement was not satisfied because the joint declarations contained only conclusory and boilerplate assurances that the group members would work together to oversee the litigation and did not provide any information regarding whether the members had a pre-litigation relationship); *see Alonzo v. Dexcom Inc.,* 2024 WL 5112751, at *6 (S.D. Cal. Dec. 13, 2024) ("The Court is wary of appointing a lead plaintiff group that is connected 'by nothing more than one joint call[.]'"); *see also Ruland v. InfoSonics Copr.*, 2006 WL 3746716, at *3 (S.D. Cal. Oct. 23, 2006) (if courts permit lawyers to designate unrelated plaintiffs as a "group" and aggregate their financial stakes, the purpose of the PSLRA would be undermined).

Lastly, the Court should not permit the Group members to be considered individually as the Group did not request that any of its constituents be appointed as lead plaintiff individually in the event the Court did not appoint the Group. Therefore, none of the Group members themselves "made a motion" pursuant to

9

the PSLRA and should not be considered further. Even if the Court were to consider the Group members standing alone, none of them has a greater financial interest than Movant. *Koffsmon v. Green Dot Corporation*, 2021 WL 3473975, at *3 (C.D. Cal. Aug. 6, 2021) (rejecting appointment of individual group members because none of them has losses exceeding the appointed lead plaintiff's); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, at 836 (denying a group's motion when group members have not explicitly requested to be considered individually). Importantly, even while aggregating *all* of the Group members' losses, Movant still has the largest financial interest.

### CONCLUSION

For the foregoing reasons, Movant's motion should be granted in its entirety and the competing motions should be denied.

Dated: September 25, 2025            Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence Rosen, Esq.
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed] Lead Counsel for the Class*

10

## CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen.

On September 25, 2025, I electronically filed the following **MEMORANDUM OF LAW OF RICHARD DUMONT IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on September 25, 2025.

/s/ Laurence Rosen
Laurence M. Rosen

11