UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA SPURBECK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PETCO HEALTH AND WELLNESS COMPANY, INC., JOEL D. ANDERSON, R. MICHAEL MOHAN, RONALD V. COUGHLIN, JR., SABRINA SIMMONS, BRIAN LAROSE, and MICHAEL NUZZO,<br><br>Defendants. | Case No.: 25-CV-1667 JLS (VET)<br><br>**ORDER REGARDING MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>(ECF Nos. 11, 12, 13, 14, 19) |

Presently before the Court is Movant Richard Dumont's Motion to Appoint Lead Plaintiff and Approval Choice of Counsel ("Dumont Mot.," ECF No. 11); Movant David Levin's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Levin Mot.," ECF No. 12); Movant Sercan Mamakli's Motion for Appointment as Lead Plaintiff and Approval of Choice of Counsel ("Mamakli Mot.," ECF No. 13); Movants Marc Leventhal's and Barbara Lanchart's Motion for Appointment as Co-Lead Plaintiffs and Approval of Co-Lead Plaintiffs' Selection of Counsel ("Leventhal and Lanchart Mot.," ECF No. 14); and Movants Richard Dumont's, Marc Leventhal's, Barbara Lanchart's, and

David Levin's Joint Motion to Appoint Co-Lead Plaintiffs and Approve Selection of Co-Lead Counsel ("Joint Mot.," ECF No. 19).

Also before the Court is Movant Sercan Mamakli's Non-Opposition to Motions for Appointment as Lead Plaintiff and Approval of Choice of Counsel ("Mamakli Non-Opp'n," ECF No. 15); Movant Richard Dumont's Opposition to the Competing Lead Plaintiff Motions ("Dumont Opp'n," ECF No. 16); Movant David Levin's Motion in Support of his Motion for (1) Appointment as Lead Plaintiff and (2) Approval of Selection of Counsel ("Levin Reply," ECF No. 17); and Movants Marc Leventhal's and Barbara Lanchart's Motion (1) in Support of their Motion for Appointment as Co-Lead Plaintiffs and Approval of Co-Lead Plaintiffs' Selection of Counsel and (2) Opposition to Competing Motions ("Leventhal Opp'n," ECF No. 18).

On June 30, 2025, Plaintiff Joshua Spurbeck commenced this action against Defendants, alleging violations §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 promulgated thereunder. *See generally* ECF No. 1 ("Compl."). The Complaint alleges that between January 14, 2021, and June 5, 2025, inclusive (the "Class Period"), Defendants made materially false and misleading statements regarding Petco's growth, despite its declining financial performance and eventual stock price drops. Compl. ¶¶ 6–21. Because "Petco's pandemic-related tailwinds were unsustainable," "the strength of Petco's differentiated product strategy was overstated" and Defendants "downplayed the true scope and severity of the foregoing issues, the magnitude of changes needed to rectify those issues, and the likely negative impacts." *Id.* ¶ 6.

On August 29, 2025, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), various movants filed motions for appointment as lead plaintiff and the selection of counsel, as required within sixty days of notice of the action, *see* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). *See generally* Dumont Mot.; Levin Mot.; Mamakli Mot.; Leventhal

and Lanchart Mot.[1] On September 4, 2025, Mamakli gave notice of his non-opposition to the competing motions, as he lacked the greatest financial interest among the movants. Mamakli Non-Opp'n at 2. On October 2, 2025, Dumont, Leventhal, Lanchart, and Levin filed a Joint Motion, notifying the Court that Levin "withdraws his own motion for lead plaintiff appointment," and requesting that the Court appoint Dumont, Leventhal, and Lanchart as co-lead plaintiffs and approve their selections of The Rosen Law Firm, P.A. ("Rosen Law") and Pomerantz LLP ("Pomerantz") to serve as co-lead counsel. Joint Mot. at 3–4. Therefore, in addition to the Joint Motion, only Dumont's, Leventhal's, and Lanchart's Motions (ECF Nos. 11, 14) remain for the Court to consider.

For the reasons stated below, the Court (1) **GRANTS** Movant Richard Dumont's Motion (ECF No. 11), (2) **DENIES AS MOOT** Movant David Levin's Motion (ECF No. 12), (3) **DENIES AS MOOT** Movant Sercan Mamakli's Motion (ECF No. 13), (4) **DENIES** Movants Marc Leventhal's and Barbara Lanchart's Motion (ECF No. 14), and (5) **DENIES** Movants Richard Dumont's, Marc Leventhal's, Barbara Lanchart's, and David Levin's Joint Motion (ECF No. 19).

## APPOINTMENT AS LEAD PLAINTIFF

### I.    Legal Standard

The PSLRA governs the selection of a lead plaintiff in private securities class actions: the lead plaintiff is to be the "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). There is a three-step process in determining the lead plaintiff under the PSLRA. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). The first plaintiff to file an action governed by the PSLRA must publicize the pendency of the action, the claims made, and the purported class period "in a widely circulated national business-oriented publication or wire service." 15 U.S.C. § 78u-4(a)(3)(A)(i)(I). This notice must also alert the public that "any member of the purported

---

[1] All citations refer to the blue page numbers affixed to the top right corner of each page in the Court's CM/ECF system.

class may move the court to serve as lead plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Next, the court must select the presumptive lead plaintiff. *See In re Cavanaugh*, 306 F.3d at 729–30 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)). To determine the presumptive lead plaintiff, "the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Id.* at 730. After the court identifies the plaintiff with the most to gain, the court must determine whether that plaintiff, based on the information he provides, "satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* If that occurs, that plaintiff becomes the presumptive lead plaintiff. *Id.* If not, the court selects the plaintiff with the next-largest financial stake and determines whether that plaintiff satisfies the requirements of Rule 23. *Id.* The court repeats this process until it selects a presumptive lead plaintiff. *Id.*

Finally, plaintiffs not selected as the presumptive lead plaintiff may "rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)). This is accomplished by demonstrating the presumptive lead plaintiff either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb). If the court determines that the presumptive lead plaintiff does not meet the typicality or adequacy requirement, then it must return to step two, select a new presumptive lead plaintiff, and again allow the other plaintiffs to rebut the new presumptive lead plaintiff's showing. *In re Cavanaugh*, 306 F.3d at 731. The court repeats this process "until all challenges have been exhausted." *Id.* (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001)).

## II. Analysis

### A. Notice

On July 9, 2025, Plaintiff Joshua Spurbeck filed this securities class action, *see generally* Compl., and published notice of pendency of the action on *ACCESS Newswire*, Dumont Mot. at 2; ECF No. 11-2 ("Rosen Decl.") Ex. 1. The notice publicized the

pendency of the action, the claims made, and the purported class period "in a widely circulated national business-oriented publication or wire service." 15 U.S.C. § 78u-4(a)(3)(A)(i)(I). The notice also alerted the public that "any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Therefore, notice under the PSLRA is satisfied.

### B.     Selection of Presumptive Lead Plaintiff

The PSLRA provides that the "'most capable' plaintiff—and hence the lead plaintiff—is the one who has the greatest financial stake in the outcome of the case," so long as that plaintiff meets the requirements of Federal Rule of Civil Procedure 23. *In re Cavanaugh*, 306 F.3d at 729. "While the PSLRA does not specify how to calculate the largest financial interest, approximate losses . . . is the preferred measure." *Bruce v. Suntech Power Holdings Co.*, No. CV 12-04061 RS, 2012 WL 5927985, at *2 (N.D. Cal. Nov. 13, 2012) (citing *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007)).

Dumont asserts financial losses of approximately $244,428.64. Dumont Mot. at 7; Rosen Decl. Ex. 3. Leventhal and Lanchart assert collective financial losses of approximately $187,531.[2] Leventhal and Lanchart Mot. at 15. Based on the information presently available to the Court, Dumont has the greatest financial stake in the outcome of this action.

Dumont also satisfies the typicality and adequacy requirements under Rule 23. Typicality requires "that the claims of the class representatives be typical of those of the class" and is "satisfied when each class member's claim arises from the same course of

---

[2] Leventhal and Lanchart assert their collective losses and contend that they "constitute an appropriate movant duo of the type routinely appointed to serve as co-lead plaintiffs." Leventhal Mot. at 18. Because even together Leventhal and Lanchart do not have the greatest financial stake in the outcome of the case, and the Court declines to appoint Dumont, Leventhal, and Lanchart as co-lead plaintiffs, as explained below, the Court need not determine whether Leventhal and Lanchart indeed "constitute an appropriate movant duo" to serve as co-lead plaintiffs. *See id.*

events, and each class member makes similar legal arguments to prove the defendant's liability." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) (quoting *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997) (internal quotation marks omitted)). Here, typicality is met because Dumont's claims are typical of the claims of other class members in that they arise out of the same alleged misconduct by Defendants, and like other class members, Dumont acquired Petco securities during the Class Period and suffered damages as a result of Defendants' alleged misconduct. *See* Dumont Mot. at 7–8.

The adequacy requirement determines whether the class representative and their counsel "have any conflicts of interest with other class members" and whether the class representative and their counsel will "prosecute the action vigorously on behalf of the class[.]" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)). Here, there is no evidence of conflict between Dumont and other class members. *See* Dumont Mot. at 9. Additionally, Dumont contends his counsel is "competent and experienced," and that he is "extremely motivated to pursue claims in this action" given his "substantial financial losses." *Id.* The Court thus finds that, for purposes of lead plaintiff appointment, Dumont has made a showing satisfying the adequacy requirement of Rule 23.

Accordingly, because Dumont has the greatest financial stake and satisfies the requirements of Rule 23, he is presumptively the most adequate plaintiff to represent the class.

   **C. Rebuttal of Statutory Presumption**

That Dumont is the presumptive lead plaintiff may be rebutted only upon proof by a member of the purported plaintiff class that he either (1) "will not fairly and adequately protect the interests of the class," or (2) "is subject to unique defenses that render . . . [him] incapable of adequately representing the class." 15 U.S.C. § 78u4(a)(3)(3)(B)(iii)(II). In showing that a presumptive lead plaintiff is subject to a unique defense, "[t]he burden at this stage is not to prove the defense, but 'only to show a degree of likelihood that a unique defense might play a significant role at trial.'" *In re CTI Biopharma Corp. Sec. Litig.*, No.

C16-216RSL, 2016 WL 7805876, at *2 (W.D. Wash. Sept. 2, 2016) (citing *In re Netflix, Inc., Sec. Litig.*, 2012 WL 1496171, at *5 (N.D. Cal. Apr. 27, 2012)). However, a speculative defense "is insufficient to rebut the presumption" that the presumptive lead plaintiff "satisfies the adequacy and typicality requirements." *Cook v. Atossa Genetics, Inc.*, No. C13-1836RSM, 2014 WL 585870, at *5 (W.D. Wash. Feb. 14, 2014).

The Parties' Joint Motion aside, Leventhal and Lanchart oppose Dumont's motion for appointment as lead plaintiff. *See generally* Leventhal Opp'n. Leventhal and Lanchart assert that Dumont is subject to "various disqualifying unique defenses," which render him "ineligible for appointment as lead plaintiff." *Id.* at 9. First, they argue that because Dumont's only Class Period transaction in Petco securities was on the first day of the Class Period, January 14, 2021, Dumont will lack standing if the class period is shortened by "**just a single day**." *Id.* at 20–21. Leventhal and Lanchart provide that the Class Period could be shortened due to, among other things, a future determination that Defendants' statements are inactionable. *Id.* at 21–22. Second, Leventhal and Lanchart argue that should the Court find Defendants' statements "impacting Petco shares purchased on January 14, 2021 . . . inactionable, Dumont will likewise be subject to reliance-based unique defenses because he only purchased shares on *that* date." *Id.* at 22.

The Court is not persuaded by Leventhal's and Lanchart's arguments. Leventhal and Lanchart have not shown a "degree of likelihood," *In re CTI Biopharma Corp. Sec. Litig.*, 2016 WL 7805876, at *2, that the Class Period could be shortened, or that Dumont would be subject to a reliance-based defense, due to a determination that Defendants' statements are inactionable. *See* Leventhal Opp'n at 19–24. Nor is the Court persuaded that the Parties have "alluded" that the Class Period will change by requesting additional time for Defendants to respond to the Complaint. *See id.* at 21. Leventhal and Lanchart argue that shortening the Class Period "is not merely hypothetical," yet point only to circumstances that *could* occur. *Id.* at 21. These "[s]peculative assertions" do not demonstrate a degree of likelihood and "are therefore insufficient to rebut the lead plaintiff presumption in this case." *Armour v. Network Assocs., Inc.*, 171 F.

Supp. 2d 1044, 1054 (N.D. Cal. 2001) (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)). Accordingly, the Court need not consider the motion of the movant with the next greatest financial stake, i.e., Leventhal and Lanchart, and Dumont is "entitled to lead plaintiff status." *In re Cavanaugh*, 306 F.3d at 730–32.

### D. Appointment of Co-Lead Plaintiffs

Dumont, Leventhal, and Lanchart seek appointment as co-lead plaintiffs, asserting that they are "each qualified to serve as co-lead plaintiffs in this case" and that "it is in the best interests of the Class to amicably resolve the motions and pool their resources to effectively prosecute the Action." Joint Mot. at 4.

The decision to appoint "co-lead plaintiffs is within the discretion of the Court." *Miller v. Ventro Corp.*, No. 01-CV-1287, 2001 WL 34497752, at *9 (N.D. Cal. Nov. 28, 2001). Courts in the Ninth Circuit have declined to appoint co-lead plaintiffs without a particular reason for doing so. *See In re Outerwall Inc. S'holder Litig.*, No. C16-1275JLR, 2017 WL 881382, at *9 (W.D. Wash. Mar. 6, 2017) (collecting cases). Courts have, however, appointed co-lead plaintiffs when doing so would ensure broader representation of all plaintiffs, for example, by appointing "one lead plaintiff who is an individual private investor" and "one lead plaintiff that is an institutional investor." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999); *see also In re Peregrine Sys., Inc. Sec. Litig.*, No. CIV.02 CV 870-J(RBB), 2002 WL 32769239, at * (S.D. Cal. Oct. 11, 2002) (appointing co-lead plaintiffs where it would "better represent the class members' varying and perhaps conflicting interests"); *In re Outerwall Inc. S'holder Litig.*, 2017 WL 881382, at *9 ("[T]he decision whether to appoint a co-lead plaintiff often turns on the existence of disparate sub-groups of plaintiffs in the putative class. But where the presumptively most adequate plaintiff acting alone will adequately represent the class, a co-lead plaintiff is unnecessary.").

Absent such circumstances, courts have noted that appointing co-lead plaintiffs may run contrary to the purposes of the PSLRA and "harm the class by dividing responsibility for the supervision of class counsel." *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 673 (C.D.

Cal. 2005); *see also In re B. Riley Fin., Inc.*, No. 2:24-CV-00662-SPG-AJR, 2025 WL 2701764, at *4–5 (C.D. Cal. Feb. 4, 2025) ("[T]he Ninth Circuit has generally cautioned against appointing co-lead plaintiffs, reasoning that 'appointment of multiple lead plaintiffs would also tend to run counter to the sequential inquiry we outlined for selection of lead plaintiff.'") (quoting *Cohen v. U.S. Dist. Ct. for N. Dist. of California*, 586 F.3d 703, 711 (9th Cir. 2009)) (collecting cases).

The Court finds that the appointment of co-lead plaintiffs is not warranted in this case. Dumont, Leventhal, and Lanchart assert that it would be in the "best interests of the Class" to appoint them as co-lead plaintiffs without providing a compelling reason to do so. *See* Joint Mot. at 4. Given that Dumont, Leventhal, and Lanchart are similarly situated, i.e., they are individual investors who purchased Petco securities and suffered financial losses because of Defendants' alleged misconduct, it is not apparent to the Court that the appointment of co-lead plaintiffs is necessary or would ensure broader representation of all class members. *See In re Outerwall Inc. S'holder Litig.*, 2017 WL 881382, at *9. As noted above, the Court finds that Dumont is presumptively the most adequate plaintiff to represent the class. *See id.* Accordingly, the Court declines to appoint Dumont, Leventhal, and Lanchart as co-lead plaintiffs.

## APPROVAL OF LEAD COUNSEL

Under the PSLRA, the lead plaintiff is given the right, subject to court approval, to "select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Court*, 586 F.3d 703, 711 (9th Cir. 2009) (citing *In re Cavanaugh*, 306 F.3d at 732, 734 n.14). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id.* at 712 (first citing *Cendant*, 264 F.3d at 276; and then citing H.R. Rep. No. 104-369 (1995) (Conf. Rep.), *reprinted in* 1995 U.S.C.C.A.N. 730, 734)).

Dumont asks the Court to approve his selection of Rosen Law as lead counsel. Mot. at 9. Having reviewed the firm's resume, *see* Rosen Decl. Ex. 4, the Court is satisfied that

Dumont has made a reasonable choice of counsel. Rosen Law has extensive experience in litigating securities class actions, and it appears that it will adequately represent the interests of all class members. *See* Dumont Mot. at 9–10; Rosen Decl. Ex. 4. Accordingly, the Court defers to Dumont's choice of counsel.

## CONCLUSION

In light of the foregoing, the Court hereby:

1. **GRANTS** Movant Richard Dumont's Motion (ECF No. 11).

2. **DENIES AS MOOT** Movant David Levin's Motion (ECF No. 12).

3. **DENIES AS MOOT** Movant Sercan Mamakli's Motion (ECF No. 13).

4. **DENIES** Movants Marc Leventhal's and Barbara Lanchart's Motion (ECF No. 14).

5. **DENIES** Movants Richard Dumont's, Marc Leventhal's, Barbara Lanchart's, and David Levin's Joint Motion (ECF No. 19).

6. **APPOINTS** Movant Richard Dumont as Lead Plaintiff.

7. **APPROVES** Movant Richard Dumont's selection of Rosen Law as lead counsel.

Pursuant to the Court's order entered on August 28, 2025, *see* ECF No. 10, <u>within fourteen (14) days</u> of entry of this Order, the Lead Plaintiff Richard Dumont and Defendants **SHALL** submit a joint status report.

IT IS SO ORDERED.

Dated: November 20, 2025

Hon. Janis L. Sammartino
United States District Judge